UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL DAVID JIMENEZ II

26-MC-16 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Israel David Jimenez II, who is appearing *pro se*, initiated this matter as a miscellaneous action, for which he paid a filing fee of $52.00.[1] As explained in *In re Varholy*, "[t]he District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." No. 23-MC-00004, 2023 WL 4236044, at *1 (D. Conn. June 28, 2023) (citing https://jnet.ao.dcn/policy-guidance/district-clerks-manual/chapter-3-case-management). "The Manual identifies the limited fifteen matters for assignment of miscellaneous case numbers: foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties." *Id.* "In addition, a miscellaneous case can be an ancillary proceeding that is directly or indirectly related to a civil or criminal case[.]" *Pugach v. Bessent*, No. 25-MC-417, 2025 WL 2772912, at *1 (S.D.N.Y. Sept. 26, 2025).

In this action, Jimenez seeks only to record and preserve the Israel David Jimenez II Ecclesiastical Trust Declaration. (*See* ECF No. 1.) The filing "is made for the limited purpose

---

[1] Jimenez is not entitled to a refund of the filing fee.

of recordation, docketing, and preservation of writings and instruments, without prayer for relief, adjudication, or determination of rights, and without invoking civil or criminal jurisdiction." (*Id.* at 2.)  The filing does not fall under one of the enumerated matters that is properly filed as miscellaneous.  Accordingly, because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice. *See Vega v. United States*, No. 24-MC-00262, 2024 WL 3013848, at *1 (S.D.N.Y. June 14, 2024).  The dismissal of this matter is without prejudice such that Jimenez could commence a new civil action.  However, the Court notes that Jimenez's filing expressly does not seek judicial action or civil jurisdiction.

Accordingly, the action is DISMISSED without prejudice on the ground that it is not a proper miscellaneous case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 9, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

2